**Ruth L. WILLIAMS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5006.**

United States Court of Appeals,
Federal Circuit.

DECIDED: June 14, 2002.

Before LOURIE, Circuit Judge,
PLAGER, Senior Circuit Judge, and DYK,
Circuit Judge.

PER CURIAM.

Ruth L. Williams brought suit in the United States Court of Federal Claims seeking review of a decision by the Army Board for Correction of Military Records (ABCMR) denying her request to have "misconduct" removed from her records as the reason for her discharge and to be restored to active duty with back pay and promotions. Ms. Williams appeals from the decision by the Court of Federal Claims granting the government's motion for judgment on the administrative record. *Williams v. United States*, 50 Fed.Cl. 91 (2001). We *affirm*.

A trial court reviewing an administrative decision affecting military pay applies the traditional administrative standard of review, i.e., it determines whether the decision was "arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law." *Doe v. United States*, 132 F.3d 1430, 1434 (Fed.Cir.1997); *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed.Cir.1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

On appeal to this court, we do not review directly the administrative decision, but rather we review the judgment of the trial court, applying the clear error standard to findings of fact, *see* Fed.R.Civ.P. 52(a), and an independent review standard to questions of law. *Doe*, 132 F.3d at 1434; *Heisig*, 719 F.2d at 1158. A factual finding is clearly erroneous when the reviewing court is left with a "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

In Ms. Williams's case, the Court of Federal Claims carefully examined the evidence of record. The trial court's task was not to reweigh the evidence, but to determine whether substantial evidence supported the ABCMR decision. *See Heisig*, 719 F.2d at 1157. Contrary to Ms. Williams's contention that the Court of Federal Claims only examined evidence supporting the ABCMR decision, the court analyzed all of the relevant evidence and addressed Ms. Williams's arguments regarding evidence that she alleged was inconsistent with the ABCMR decision. Because we discern no clear error in the trial court's finding that the ABCMR decision was supported by substantial evidence, and because no error of law was made in reaching the decision, we must affirm the trial court's judgment.